1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                                DISTRICT OF NEVADA

7                                        * * *

8    CHARLES WIRTH,                          Case No. 3:17-cv-00742-MMD-VPC

9                          Petitioner,                    ORDER

10          v.

11   RENEE BAKER, *et al.*,

12                          Respondents.

13          Petitioner, who is in the custody of the Nevada Department of Corrections pursuant

14   to a judgment of conviction of a state court, had filed a petition for a writ of habeas corpus

15   pursuant to 28 U.S.C. § 2241. The Court noted that 28 U.S.C. § 2254 governs this case

16   because petitioner is challenging the validity of his custody pursuant to a state-court

17   judgment of conviction, even if he is not challenging the validity of that judgment itself.

18   Currently before the Court are petitioner's motion for reconsideration (ECF No. 6),

19   respondents' opposition (ECF No. 7), and petitioner's reply (ECF No. 8).[1] The motion is

20   without merit.

21          Respondents correctly note that "28 U.S.C. § 2254 is the exclusive vehicle for a

22   habeas petition by a state prisoner in custody pursuant to a state court judgment, even

23   when the petitioner is not challenging his underlying state court conviction." *White v.*

24   *Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward*

25   *v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner will need to file his petition

26   on the Court's § 2254 form.

27          _____

       [1]The court also directed petitioner to file an application to proceed *in forma*
28   *pauperis* with current financial information or to pay the $5 filing fee. Petitioner does not
     ask for reconsideration of that part of the court's order.

1  Petitioner also states in the motion for reconsideration that appointment of counsel
2  would help in this matter. The Court has reviewed petitioner's claims, and the Court
3  determines that appointment of counsel is not necessary in this case.
4      It is therefore ordered that petitioner's motion for reconsideration (ECF No. 6) is
5  denied.
6      It is further ordered that petitioner will have thirty (30) days from the date of entry
7  of this order to comply with the Court's earlier order of January 4, 2018 (ECF No. 3).
8      DATED THIS 22nd day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE