UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES WIRTH,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00742-MMD-CBC

ORDER

**I.  SUMMARY**

Before the Court are Petitioner's amended petition for a writ of habeas corpus (ECF No. 11), Respondents' motion to dismiss (ECF No. 18), Petitioner's opposition (ECF No. 20), and Respondents' reply (ECF No. 21). Because the Court is unable to give Petitioner any relief, the Court will grant the motion to dismiss.

**II.  BACKGROUND**

The court takes judicial notice of *Wirth v. Legrand*, Case No. 2:17-cv-00027-RFB-VCF ("*Legrand*"), for the background to this case. Petitioner was convicted in the Fifth Judicial District of the State of Nevada, Nye County. The counts and sentences were:

> Count 1: Open or gross lewdness, Nev. Rev. Stat. § 201.210, a gross misdemeanor, 12 months in jail;
> Count 2: Open or gross lewdness, Nev. Rev. Stat. § 201.210, a category D felony, minimum term of 19 months and maximum term of 48 months in prison;
> Count 3: Attempted sexual assault, Nev. Rev. Stat. §§ 193.330, 200.366, a category B felony, minimum term of 96 months and maximum term of 240 months in prison.

All sentences were to be served consecutively. *See Legrand*, Ex. 77 (ECF No. 20-6 in that action). Petitioner challenges the validity of the judgment of conviction in that action.

In this action, Petitioner challenges the validity of the application of credits toward his sentence, under the version of NRS § 209.4465 in effect at the relevant time.

On December 27, 2016, Petitioner filed a habeas corpus petition in the state district court, raising these claims. (Ex. 2 (ECF No. 19-2).) The state district court denied the petition. (Ex. 5 (ECF No. 19-5).) Petitioner appealed.

Meanwhile, the Nevada Supreme Court decided *Williams v. State*, 402 P.3d 1260 (Nev. 2017). In *Williams*, the Nevada Supreme Court held:

> [Nev. Rev. Stat. §] 209.4465(7) provides that credits earned pursuant to [Nev. Rev. Stat. §] 209.4465: (a) "[m]ust be deducted from [a prisoner's] maximum term" of imprisonment and (b) "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." The first part of subsection 7(b) establishes a general rule—that credits earned pursuant to [Nev. Rev. Stat. §] 209.4465 apply to eligibility for parole. The second part of subsection 7(b) sets forth a limitation—the general rule does not apply if the offender "was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." Thus, if the sentencing statute did not specify a minimum sentence that had to be served before parole eligibility, credits should be deducted from a prisoner's minimum sentence, making an inmate eligible for parole sooner than he or she would have been without the credits.

402 P.3d at 1262. A statute that sets forth a minimum term but is silent on parole eligibility does not fall within the limitation of § 209.4465(7)(b). *See id.* at 1263. The statutes under which Petitioner was sentenced, NRS §§ 201.230 and 193.330, are silent on parole eligibility.[1] Consequently, credits should be applied to Petitioner's minimum terms.[2]

In Petitioner's case, the Nevada Supreme Court vacated the state district court's denial of the petition. It noted that the state district court did not have the benefit of

---

[1]Count 3, attempted sexual assault, is a good example of the distinction highlighted in *Williams*. NRS § 193.330 sets forth the sentences for attempts. NRS § 200.366 sets forth the sentences for completed sexual assault. For those sentences that allow parole, § 200.366 explicitly states that the minimum must be served before becoming eligible for parole. If Petitioner was convicted of completed sexual assault under the version of § 209.4465 in effect at the relevant time, then credits would not apply to his minimum sentence.

[2]A subsequent amendment of NRS § 209.4465 created further restrictions. Subsection 8 provides that credits do not apply to the minimum terms of sexual offenses or of category A and B felonies. Petitioner was convicted of two felony sexual offenses, one of which was a category B felony. However, NRS § 209.4465(8) does not apply to Petitioner because it was not in effect at the time of his offenses.

2

*Williams*. The Nevada Supreme Court remanded for the state district court to reconsider its decision in light of *Williams*. (Ex. 16 (ECF No. 19-16).)

Back in the state district court, the Respondents filed two supplemental responses. They show that Petitioner's sentence for count 2, open and gross lewdness, expired completely at the end of December 19, 2013, and that the sentence for count 3, attempted sexual assault, commenced on December 20, 2013. (Ex. 20 (ECF No. 19-20); Ex. 22 (ECF No. 19-22).)[3] Between the two supplemental responses, Petitioner filed a motion seeking to add a new ground. (Ex. 21 (ECF No. 19-21).) The state district court granted the petition. (Ex. 23 (ECF No. 19-23).) Petitioner appealed the decision. The Nevada Supreme Court dismissed the appeal because the state district court granted Petitioner relief, and under state law only an aggrieved party may appeal. (Ex. 27 (ECF No. 19-27).)

On the same day that the Nevada Supreme Court dismissed the appeal, Petitioner filed an informal brief. (Ex. 28 (ECF No. 19-28).) In the informal brief, Petitioner noted that the state district court granted relief only for the computation of his parole eligibility for count 3, attempted sexual assault, and that the state district court ignored his new ground. Petitioner argued that he was entitled to time for his first sentence. (*Id.* (ECF No. 19-28 at 5).) Nine days later, Petitioner petitioned the Nevada Supreme Court for rehearing, referring to his informal brief. (Ex. 29 (ECF No. 19-29).)

The Nevada Supreme Court denied rehearing. It noted that Petitioner was trying to have credits applied to his sentence for count 2, felony open and gross lewdness, but that sentence had expired, making his request moot. (Ex. 33 (ECF No. 19-33).) Petitioner then petitioned for *en banc* reconsideration. (Ex. 34 (ECF No. 19-34).) The Nevada Supreme Court denied that petition on October 18, 2018. *See Wirth v. Warden*, Case No. 75469;

---

[3]This occurred a little more than three years before Petitioner filed his state habeas corpus petition on December 27, 2016. The sentence for the gross-misdemeanor count of open and gross lewdness has expired long ago. Furthermore, Petitioner does not mention that sentence in any document in this action.

http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45707 (last visited June 17, 2019).[4]

### III. DISCUSSION

At this point, Petitioner has already received relief on his claims with respect to count 3, attempted sexual assault. The Nevada Department of Corrections has applied his credits toward his minimum term and eligibility for parole, in accordance with *Williams*. The state district court confirmed that when it granted Petitioner's post-conviction habeas corpus petition. This Court cannot grant Petitioner any additional relief on his sentence for count 3.

What remains is Petitioner's claims regarding his sentence for count 2, felony open and gross lewdness. To obtain relief, the Court first would need to rule that, under *Williams*, Petitioner should have become eligible for parole earlier than he did. Then the Court would need to rule that the parole board should have institutionally paroled Petitioner from his sentence for count 2. That would have started the sentence for count 3 running, thus advancing the ultimate expiration date of his imprisonment.

To that end, Petitioner relies upon *Garlotte v. Fordice*, 515 U.S. 39 (1995). However, he misinterprets *Garlotte*. To obtain federal habeas corpus relief from a state-court judgment of conviction, a person must be *in custody* pursuant to that judgment. *See* 28 U.S.C. § 2254(a). Take, for example, a person who was convicted of one crime, who received one prison sentence, and whose sentence expired completely in 2013. If he filed a § 2254 petition in 2017, then he would not be in custody pursuant to that judgment.[5] He could not obtain federal habeas corpus relief. *See Maleng v. Cook*, 490 U.S. 488, 491-93 (1989).

///

---

[4]Respondents filed their motion to dismiss and associated exhibits before the Nevada Supreme Court issued this order.

[5]The Court sets aside any question of whether such a petition would be untimely under 28 U.S.C. § 2244(d).

4

*Garlotte* answered the question of whether a person is in custody pursuant to an expired sentence if he still is serving a consecutive sentence. The Supreme Court determined that a person in that situation "remains 'in custody' under all of his sentences until all are served, and now may attack the conviction underlying the sentence scheduled to run first in the series." 515 U.S at 41. The Supreme Court noted that invalidation of an expired sentence still "would advance the date of his eligibility for release from present incarceration." *Id.* at 47.

Custody is not in dispute in this action. Respondents do not argue, and the Court does not hold, that Petitioner is not in custody pursuant to the expired sentence for felony open and gross lewdness. Under *Garlotte*, Petitioner is in custody pursuant to that expired sentence. Indeed, if Petitioner can obtain relief on his claims regarding count 2, then his ultimate expiration date would advance. However, *Garlotte* does not answer whether Petitioner can obtain relief on count 2.

Because Petitioner is challenging the computation of his eligibility for parole, review in this Court is very limited, at most. State law does not create any entitlement to parole, and Petitioner does not have a liberty interest in being paroled that is protected by the Constitution of the United States. *See Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010).[6]

*Williams* also has its limits. It affects only when a person becomes eligible for parole. It does not affect the decision of the parole board once a person becomes eligible for parole. It also does not affect the calculation of credits toward the maximum term and expiration of a sentence. The credits that Petitioner has earned apply to his maximum terms under NRS § 209.4465(7)(a). The Nevada Supreme Court explained:

> Our interpretation of [NRS §] 209.4465(7)(b) applies only to crimes committed on or between July 17, 1997 (the effective date of [NRS §]

---

[6]*Anselmo v. Bisbee*, 396 P.3d 848 (Nev. 2017), is not to the contrary. There, the Nevada Supreme Court held that inmates have a right to be considered by the parole board, and that an inmate does not receive proper consideration when the parole board relies upon an improper aggravating factor. *Id.* at 853. However, the Nevada Supreme Court did not hold in *Anselmo* that an inmate had a right to be granted parole. In the current action, Petitioner does not claim that he is not being considered by the parole board.

> 209.4465) and June 30, 2007 (the effective date of [NRS §] 209.4465(8)). Because the application of credits under [NRS §] 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence, *see Johnson v. Dir, Nev. Dep't of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989) (providing that "any question as to the method of computing" a sentence is rendered moot when the sentence is expired), or appeared before the parole board on the sentence, *see Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 883-84 (1989) (recognizing no statutory authority or caselaw allowing for retroactive grant of parole).

402 P.3d at 1265 n.7. Petitioner's crimes took place between July 17, 1997, and June 30, 2007.

For count 2, felony open and gross lewdness, *Williams* cannot apply for both reasons provided in the quote above. First, according to the Nevada Department of Corrections, Petitioner went before the parole board on March 6, 2013, before count 2 expired on December 19, 2013.[7] If the parole board granted Petitioner parole from his sentence on count 2, then his sentence on count 3 started to run. As noted above, the Nevada Department of Corrections is applying *Williams* to his sentence for count 3. If the parole board did not grant Petitioner parole from his sentence on count 2, then the parole board still did not violate *Williams*. *Williams* affects only eligibility for parole, not the granting of parole. This Court cannot rule that the parole board should have held otherwise. *See Moor*, 603 F.3d at 662-63. Petitioner cannot claim that under *Williams* the parole board should have considered his case earlier than it did, because Nevada does not allow for retroactive parole. *See Niergarth*, 768 P.2d at 883-84.

Second, Petitioner's sentence on count 2 expired in December 2013, about 3 years before he filed his state habeas corpus petition. The credits that Petitioner has earned apply to his maximum terms under NRS § 209.4465(7)(a). *Williams* interprets only § 209.4465(7)(b) for parole eligibility. It does not affect a sentence that has already expired fully. *See Johnson*, 774 P.2d at 1049.

///

---

[7] *See, e.g.*, https://ofdsearch.doc.nv.gov/form.php, offender ID 1085646 (report generated June 17, 2019).

6

The state courts applied *Williams* in accordance with state law. Petitioner might argue that the expiration of a sentence should not moot a claim that he could have become eligible for parole earlier, contrary to *Johnson*. Petitioner might argue that Nevada should allow retroactive parole, contrary to *Niergarth*. However, these are only disputes over state-court application of state law. They do not raise an issue of federal constitutional law. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). The fact remains that Petitioner does not have a constitutionally protected liberty interest in being released on parole. *See Moor*, 603 F.3d at 662-63.

Reasonable jurists would not disagree with this Court's conclusion that Petitioner does not present a debatable claim of a violation of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 18) is granted. This action is dismissed because Petitioner does not present any claims of a violation of the constitution or laws of the United States.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE