UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES WIRTH,

               Petitioner,

   v.

RENEE BAKER, *et al.*,

              Respondents.

Case No. 3:17-cv-00742-MMD-VPC

ORDER

Before the Court are Petitioner's motion for reconsideration (ECF No. 29), Respondents' opposition (ECF No. 30), and Petitioner's reply (ECF No. 31). The Court denies Petitioner's motion.

To summarize the relevant facts, Petitioner received two consecutive sentences. The first sentence expired fully at the end of December 19, 2013. (ECF No. 19-22 (Ex. 22).) Petitioner has been serving the second sentence since December 20, 2013. Later, the Nevada Supreme Court held under the version of NRS § 209.4465(7)(b) in effect at the time of Petitioner's crimes, his accrued credits should apply toward his parole eligibility. *Williams v. State*, 402 P.3d 1260, 1262 (Nev. 2017). In state habeas corpus proceedings, Petitioner received relief on his second sentence, and his parole eligibility date has been adjusted. The Nevada Supreme Court held that any request for relief on the first sentence was moot because that sentence had expired. This Court also held that Petitioner's request for relief was moot. First, Petitioner could not receive retroactive parole, because Nevada law does not recognize retroactive parole. Second, Petitioner's sentence had expired, and he could not be paroled from an expired sentence. Third, Petitioner had no

1  right to parole that was protected by the Due Process Clause of the Fourteenth

2  Amendment. (ECF No. 26.)

3      Petitioner argues that the Court misconstrued his entire argument. He argues that

4  he should have been considered for parole on his first sentence earlier. Because the

5  parole board did not consider him for parole on his first sentence earlier, he lost the

6  opportunity to start his second sentence earlier. That, in turn, means that he lost the

7  opportunity to complete his second sentence 6-8 months earlier. (ECF No. 29 at 2.)

8      The Court understood Petitioner's argument. The Court denied relief because the

9  Court could not grant Petitioner relief even if everything he argued was correct. To repeat,

10  first, Nevada does not have retroactive parole. *Niergarth v. Warden*, 768 P.2d 882, 883-

11  84 (Nev. 1989). Second, Petitioner's first sentence expired long before he commenced

12  this action. He cannot be paroled from an expired sentence. *Johnson v. Dir., Nev. Dep't*

13  *of Prisons*, 774 P.2d 1047, 1049 (Nev. 1989). Third, Petitioner does not have a right to

14  parole protected by the Due Process Clause of the Fourteenth Amendment. *Moor v.*

15  *Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010). This Court cannot order that Petitioner

16  should have been granted parole earlier.

17      Additionally, closer examination of Petitioner's custody record shows that Petitioner

18  was <u>discharged</u> from his first sentence to his second sentence. (ECF No. 19-22 (Ex. 22).)

19  He was not <u>paroled</u> from his first sentence to his second sentence. In other words, the

20  parole board denied Petitioner parole until his first sentence expired. This strengthens the

21  Court's conclusion that the action is moot. The issue no longer is whether Petitioner could

22  have been granted parole earlier, and started his second sentence earlier. Instead, the

23  issue is only when the parole board would have denied Petitioner parole. No matter what,

24  Petitioner would have been denied parole until the expiration of his first sentence.[1]

25  ///

26  ///

27      [1]Petitioner also has had a parole hearing on his second sentence. The parole board
28  denied further consideration for parole until March 1, 2020.
   http://parole.nv.gov/uploadedFiles/parolenvgov/content/Actions/2018/September%20201
   8.pdf (report generated October 4, 2019).

2

Finally, Petitioner argues that the Court should have issued a certificate of appealability on its determination that Petitioner is subject to 28 U.S.C. § 2254, because the circuits have split on the issue. (ECF No. 29 at 6.) No split exists. The Eleventh Circuit decision that Petitioner cites, *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004), is based upon an earlier decision that the Ninth Circuit also has adopted. *See Frantz v. Hazey*, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc). Regardless of how Petitioner wishes to title his Petition, he is subject to the restrictions of 28 U.S.C. § 2254 because he is in custody pursuant to a state-court judgment of conviction, and nobody would dispute that.

To the extent that a certificate of appealability is necessary from this decision, reasonable jurists would not find the Court's determinations to be debatable or wrong. The Court will not issue a certificate of appealability.

It is therefore ordered that Petitioner's motion for reconsideration (ECF No. 29) is denied.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 7th day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE